897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carrie DOWDY, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 89-5598.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1990.
 
 1
 Before WELLFORD and DAVID R. NELSON, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Carrie Dowdy, a pro se Tennessee resident, appeals the district court's dismissal of her employment discrimination suit filed pursuant to Title VII, 42 U.S.C. Sec. 2000(e) et. seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Dowdy was terminated from her job as a postal clerk because she was unavailable to perform her duties. Dowdy's complaint with the Equal Employment Opportunity Commission (EEOC) was dismissed as untimely, and that decision was affirmed on appeal within the EEOC. Thereafter, seeking reinstatement and back pay, Dowdy sued the defendant Postmaster General alleging that she was terminated because of racial discrimination. The district court denied several requests for appointment of counsel and ultimately granted the defendant summary judgment, finding that Dowdy had failed to exhaust her administrative remedies. The court later denied Dowdy's motion for reconsideration.
 
 
 4
 On appeal, Dowdy argues that the district court erred in not appointing counsel.
 
 
 5
 Upon review, we affirm. Dowdy was terminated on October 17, 1987. Under 29 C.F.R. Sec. 1613.214(a)(1)(i) she was required to contact the agency's EEOC counselor within thirty calendar days of her termination. Dowdy, however, did not contact the EEOC counselor until February 19, 1988, nearly four months after her termination. Her complaint was thus dismissed as untimely.
 
 
 6
 We conclude that the district court properly dismissed Dowdy's complaint because exhaustion of administrative remedies is a prerequisite to filing a discrimination suit under Title VII. See Brown v. General Services Admin., 425 U.S. 820, 832-33 (1976); Smith v. United States Postal Serv., 742 F.2d 257, 260-62 (6th Cir.1984); James v. Rumsfeld, 580 F.2d 224, 227-28 (6th Cir.1978).
 
 
 7
 The district court did not abuse its discretion in denying Dowdy's requests for appointment of counsel because she could not succeed on the merits as the complaint was barred by her failure to exhaust administrative remedies. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.), cert. denied, 484 U.S. 945 (1987); Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036 (1985).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation